
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-728

| | |
|---|---|
| | **Opinion Delivered:** December 18, 2013 |
| VANESSA PEREZ<br>                              APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR CHILD<br>                              APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION<br>[NO. 60JV-12-1383]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>REMANDED FOR SUPPLEMENTATION OF THE RECORD; SUPPLEMENTATION OF THE ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

**WAYMOND M. BROWN, Judge**

Appellant appeals the circuit court's termination of her parental rights to S.B.[1] Appellant's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal. Appellant failed to file pro se points for reversal. We are unable to reach the merits. Because appellant's counsel failed to include pertinent

---

[1]     The parental rights of the father, Christopher Bondhus, were terminated in the same order but, he is not a party to this appeal.

[2]     359 Ark. 131, 194 S.W.3d 739 (2004).

[3]     (2011).

documents in the record in violation of Arkansas Rule of Appellate Procedure–Civil 6(e)[4] and has submitted a brief without a proper addendum in violation of Ark. Sup. Ct. R. 4-2(a)(8)(A)(i),[5] we deny counsel's motion to withdraw and order counsel to submit a supplemental record and supplemental addendum.

On July 9, 2012, following a traffic stop, appellant was arrested after police found methamphetamine, pills, and a knife in appellant's vehicle.[6] Furthermore, appellant was driving under the influence of methamphetamine with her four-year-old daughter, S.B., in the vehicle. Appellant was detained and charged with driving under the influence of methamphetamine and possession of methamphetamine. Around 2:00 p.m. on the same day, appellant left her ten-year-old child, A.P., at the Jacksonville Splash Zone, and A.P. was still there at the time the Arkansas Department of Human Services (DHS) was contacted, which was approximately 7:00 p.m.

A DHS caseworker went to pick up A.P., who made the statement that "this happens regularly." A.P. was left in the care of her father, Matthew Perez, who had legal custody of A.P.

The caseworker went to appellant in the Sherwood Police Department jail where appellant submitted to a drug screen and tested positive for methamphetamine. DHS took a 72-hour hold on S.B. at 8:30 p.m. on July 9, 2012, due to appellant being incarcerated and S.B. having no other legal caregiver. The hold was also taken due to S.B. being in the

---

[4](2012).

[5] (2012).

[6] S.B. showed police where the knife was and tried to pull it out.

car with appellant while she was under the influence of and in possession of methamphetamines. Additionally, DHS requested that "an order of less than custody" for A.P. be granted so that any visitation currently ordered could be suspended until further order of the court.[7] The court entered an ex parte order for emergency custody of S.B. and an ex parte order of less than custody for A.P. on July 12, 2012.

Following a show-cause hearing on July 17, 2012, the court entered an interim order directing that S.B. would remain in DHS's custody and A.P. would remain in the custody of Mr. Perez. The court permitted appellant to have supervised visitation. An adjudication order entered by the court on September 20, 2012, stated that a probable-cause order was entered on August 1, 2012. While the amended probable-cause order, entered on August 29, 2012, appears in both the record and the addendum, the original probable-cause order appears in neither. Furthermore, neither the maternal grandparents' motion to intervene, nor the order granting the motion to intervene, is in the record or addendum.

Arkansas Rule of Appellate Procedure–Civil 6(e) states that if anything material to either party is omitted from the record, the appellate court, on its own initiative, may direct that the omission shall be corrected and that a supplemental record be certified and transmitted.[8] The circuit court's probable-cause order, in addition to the maternal grandparents' motion to intervene and the court's order granting their motion, are

---

[7] Matthew Perez allowed A.P. to visit with appellant due to appellant having court-ordered visitation.

[8] (2012).

material to this matter.[9] Therefore, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days.

Because the probable-cause order, petition to intervene and order granting the petition to intervene were not included in the record, they also were not included in the addendum. Arkansas Supreme Court Rule 4-2(a)(8) requires appellant to submit an addendum containing "any order adjudicating any claim against any party with or without prejudice."[10] It goes on to require the inclusion of "any other pleading or document in the record that is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Because we do not have the original probable-cause order, we are not aware of what was amended, and therefore have no understanding of the effect of the amendment, if any, on the parties or the case in general. Additionally, without the motion to intervene, and order granting the motion, we have no understanding of how the intervenors came to be a part of this case in the first place. This is of great importance because they were eventually granted custody of the minor, which they maintained throughout the case, and were permitted to keep S.B. pending S.B.'s likely adoption. Accordingly, we order appellant to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed.

We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and

---

[9] After intervening, the maternal grandparents were awarded temporary, and eventually permanent, custody of S.B.

[10] (2012).

supplemental addendum comply with the rules and that no additional deficiencies are present.

Remanded for supplementation of the record; supplementation of the addendum ordered; motion to withdraw denied.

WYNNE and HIXSON, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency–Neglect Appellate Division, for appellant.

No response.