

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-728

| | |
|---|---|
| VANESSA PEREZ<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** April 2, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60JV-12-1383]<br><br>HONORABLE WILEY AUSTIN BRANTON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

### WAYMOND M. BROWN, Judge

Appellant appeals the circuit court's termination of her parental rights as to S.B.[1] Appellant's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal. Appellant failed to file pro se points for reversal. We

---

[1] The parental rights of the father, Christopher Bondhus, were terminated in the same order, but are not part of this appeal.

[2] 359 Ark. 131, 194 S.W.3d 739 (2004).

[3] (2011).

affirm the circuit court's order terminating appellant's parental rights and grant counsel's motion to withdraw.[4]

On July 9, 2012, following a traffic stop, appellant was arrested after police found methamphetamines, pills, and a knife in appellant's vehicle.[5] Furthermore, appellant was driving under the influence of methamphetamines with her four-year old daughter, S.B., in the vehicle. Appellant was detained and charged with driving under the influence of methamphetamine and possession of methamphetamines and a large amount of white pills which were of unknown identification at the time of the arrest. Around 2:00 p.m. on the same day, appellant left her ten-year old child, A.P., at the Jacksonville Splash Zone and A.P. was still there at the time the Arkansas Department of Human Services (DHS) was contacted, which was approximately 7:00 p.m.

When the DHS caseworker went to pick up A.P., A.P. was playing with other kids, but was without a responsible adult. A.P. informed the caseworker that "this happens regularly;" that she "just makes new friends" while she's there; and that her mother "was saying earlier that she wanted to drop [S.B.] off so she could smoke." A.P. was left in the care of her father, Matthew Perez, who had legal custody of A.P.

The caseworker went to see appellant in the Sherwood Police Department jail, where appellant admitted that, while she did "not technically" live with another man, "he stays over there quite a lot." Appellant submitted to a drug screen and tested positive for

---

[4]This case was previously before this court in 2013 Ark. App. 763, in which it was remanded for supplementation of both the record and the addendum. The deficiencies referenced therein have been adequately addressed, thereby permitting this court to address the merits.

[5]S.B. showed police where the knife was and tried to pull it out.

methamphetamines. DHS took a 72-hour hold on S.B. at 8:30 p.m. on July 9, 2012, due to appellant being incarcerated and S.B. having no other legal caregiver, in addition to S.B.'s having been riding in the car with appellant while she was under the influence of and in possession of methamphetamines and a weapon. Additionally, DHS requested that "an order of less than custody" for A.P. be granted so that any visitation currently ordered may be suspended until further order of the court.[6] The court entered an ex parte order for emergency custody of S.B. and an ex parte order of less than custody for A.P. on July 12, 2012.

Following a probable-cause hearing on July 17, 2012, the court entered an interim order on the same date ordering that S.B. remain in DHS's custody, that A.P. remain in the custody of Mr. Perez, and allowing supervised visitation to appellant. A probable cause order was entered on August 1, 2012, finding it to be contrary to the welfare of S.B. and A.P. to be returned to appellant and ordering that S.B. remain in DHS's custody while A.P. remained in Matthew Perez's custody.[7] Appellant was granted supervised visitation with both children.

---

[6]Matthew Perez allowed A.P. to visit with appellant due to appellant having court-ordered visitation in case number DR-2006-4132 .

[7]An amended probable cause order was filed on August 29, 2012. The amendments included a grant of visitation with S.B. at DHS to Vicky Cochran, S.B.'s maternal grandmother; a requirement that Tom Cochran, S.B.'s maternal grandfather, submit to a psychological evaluation if DHS wished for the Cochrans to be considered as a relative placement for S.B.; and relieving Suzanne Lumpkin as counsel for the appellant as appellant had hired Richard Tuberville to represent her. Vicky Cochran was also required to submit to a psychological examination if DHS wished to consider her as a relative placement, but only if she had not submitted to one in the previous case.

Following a hearing on September 4, 2012, the court entered an adjudication order of September 20, 2012, adjudicating S.B. and A.P. dependent-neglected. The court took judicial notice of a 2008 case involving appellant and Christopher Bondhus, putative father of S.B.[8] That case involved allegations similar to this case—not only did appellant test positive for methamphetamines, but S.B. tested positive for PCP, barbiturates and meth—which caused S.B. to remain out of appellant's care for nineteen months before being returned to appellant after appellant's receipt of and compliance with extensive services. As in the 2008 case, S.B. tested positive for methamphetamines again. These facts led to the court's finding that S.B. had been subjected to aggravated circumstances under the juvenile code.[9] Appellant did not appeal this finding.

In making its finding of dependency-neglect, the court specifically cited only appellant's actions and nothing with regard to Matthew Perez; therefore, A.P. was left in the permanent custody of Mr. Perez. Furthermore, the court ordered that appellant should have no contact with A.P. for the next sixty days from the date of the order so that Mr. Perez would have the opportunity to seek to have visitation removed in their divorce case.[10] A.P.'s portion of the case was closed.

---

[8]The case number for the case was JN2008-1759.

[9]The court's findings did not address the issue of whether Mr. Bondhus sexually abused S.B., though it understood that there had been a true finding by the Arkansas State Police's Crimes Against Children Division (CACD) that he did so. The court did, however, prohibit contact between Mr. Bondhus and S.B.

[10]In appellant's divorce case with Matthew Perez, Case No. DR-2006-4132, an agreed order was entered on April 30, 2012, in which Mr. Perez's motion to suspend appellant's visitation was granted until such time as appellant "files a motion to reinstate visitation and demonstrates to the Court that due to a significant change of material

SLIP OPINION

Tom and Vickie Lynn Cochran, maternal grandparents of S.B.,[11] filed a motion to intervene in the case on September 4, 2012, seeking permanent custody of S.B. In support of their motion, they cited the fact that they had cared for S.B. from 2009 until 2010, when she was taken from their home due to Tom being on the Maltreatment Registry, and the fact that Tom had since been removed from the registry. They were granted intervenor status in the matter by an order filed September 28, 2012. The Cochrans then filed a motion for temporary custody of S.B. on October 18, 2012. The court found that temporary custody with the Cochrans was in S.B.'s best interest and granted the same in an amended order entered November 6, 2012.

On December 13, 2012, appellant pled guilty to two charges of possession, endangering the welfare of a minor, and DWI, all of which stemmed from the incident that caused S.B. to come into care, and which carried a total possible sentence of three to twenty-eight years in the state penitentiary. Appellant reported to Dr. Paul DeYoub, the psychological examiner, that with her plea, she was sentenced to five years of probation, among other things.

In its February 26, 2013 permanency planning order, the court changed the goal of the case plan to termination of parental rights. In support of the changed goal, the court cited its finding of aggravated circumstances in its prior adjudication order where it took judicial notice of the 2008 dependency-neglect case involving appellant and Mr. Bondhus

circumstances, including but not limited to a verifiable period of sobriety, reinstatement of visitation is in the minor's best interest."

[11]Tom Cochran is referred to as S.B.'s "step-grandfather" in some of the court's orders; however, he is her biological maternal grandfather as he is the biological father of appellant.

for "allegations similar to the current case" and during which the children were in care for nineteen months.[12] DHS filed a petition for termination of appellant's parental rights on March 14, 2013. Its sole ground in support of the petition was that appellant had been found by a court of competent jurisdiction, including the juvenile division of circuit court, to have subjected any juvenile to aggravated circumstances,[13] where "aggravated circumstances" means a juvenile has been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, or a determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification.[14]

Following an April 30, 2013 hearing on DHS's petition to terminate appellant's rights, the court entered an order terminating appellant's parental rights and granting DHS the power to consent to adoption for S.B. on May 29, 2013. It found that DHS had proven that S.B. had been subjected to aggravated circumstances. It specifically noted the circumstances of appellant's arrest, which resulted in S.B. being removed from appellant's custody, S.B.'s exposure to methamphetamine, the appearance that "the issues of the 2008 dependency-neglect case ha[d] resurfaced," appellant's psychological evaluation was "not favorable," and appellant's emotional instability. The court noted that it would have given appellant a full year to work toward reunification if not for the 2008 dependency neglect

---

[12]In this order, the court also accepted the CACD's finding that Mr. Bondhus sexually abused S.B.

[13]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(a)(3)(A) (Supp. 2013).

[14]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(a)(3)(B).

SLIP OPINION

SLIP OPINION

case, but as the case stood, it could not because it had to consider what is in the child's best interests. Appellant filed a timely notice of appeal from the order on June 11, 2013.

In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered each action that was adverse to appellant below. After carefully examining the record and the brief presented to us, which included all other adverse rulings, we conclude that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and HIXSON, JJ., agree.


*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.